UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>)<br>)<br>v.           )<br>)<br>)<br>VITO RESTO,        )<br>    Defendant.   ) | Criminal No. 05-30016-MAP |

**GOVERNMENT'S STATUS REPORT CONCERNING THE DEFENDANT'S
DESIGNATION AS AN ARMED CAREER CRIMINAL**

The Government respectfully withdraws its previously stated intentions to designate the Defendant as an Armed Career Criminal based on three previous convictions.[1] The Defendant's anticipated proffer, as set forth in his Motion to Strike Application of the Armed Career Criminal Act, caused the Government to further investigate the facts underlying the Defendant's conviction for armed robbery and trafficking.[2] Although the evidence remains inconclusive as to whether the drug trafficking crime to which the Defendant pleaded guilty was closely related to the armed robbery - thus, constituting the same occasion for purposes of 18 U.S.C. 924(e)(1) - the Government has recently learned of circumstantial evidence concerning these previous convictions that is consistent with the Defendant's contention that the drug trafficking crime was

---

[1] Title 18, United States Code, Section 924(e)(1) provides, in pertinent part:

"In the case of a person who violates section 922(g) of this title and has three previous convictions by any court referred to in section 922(g)(1) of this title for a violent felony or a serious drug offense, or both, *committed on occasions different from one another*..." (author's emphasis).

[2] See Hampden Superior Court Docket Nos 96-111 (Armed Robbery) and 96-112 (Trafficking in Cocaine) in Exhibit A to the Defendant's Motion to Strike Application of the Armed Career Criminal Act.

part and parcel of the armed robbery.

Since the undersigned U.S. Attorney is not certain to a sufficient degree that the drug trafficking and the robbery constitute crimes committed on occasions different from one another, the Government will proceed as if the Defendant's armed robbery and trafficking convictions arose from the same criminal occasion.  This determination leaves the Defendant with only two previous convictions for either a violent felony or serious drug offense.

Filed this 15th day of November, 2005.

                                          Respectfully submitted,

                                          MICHAEL J. SULLIVAN
                                          United States Attorney


                                          /s/ Paul Hart Smyth
                                          PAUL HART SMYTH
                                          Assistant United States Attorney

CERTIFICATE OF SERVICE

Hampden, ss.                                       Springfield, Massachusetts
                                                   November 15, 2005

    I, Paul Hart Smyth, Assistant U.S. Attorney, do hereby certify that I have served a copy of the foregoing to Attorney Mark Mastroianni, by facsimile and first class mail to 95 State Street, Springfield, MA

                                                     /s/ Paul Hart Smyth
                                                     Paul Hart Smyth
                                                     Assistant U.S. Attorney