UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| ) | |
| v.           ) | CRIMINAL NO. 05-30016-MAP |
| ) | |
| ) | |
| ) | |
| VITO RESTO,        ) | |
|     Defendant.      ) | |

**THE GOVERNMENT'S OPPOSITION TO THE DEFENDANT'S MOTION TO MODIFY CONDITIONS OF RELEASE**

The United States of America, by Michael J. Sullivan, United States Attorney for the District of Massachusetts, respectfully requests this Court to maintain the present conditions of the Defendant's release. The only changed circumstance since this Court set the conditions is that the Defendant's 1996 convictions for armed robbery and drug trafficking[1] amount to one predicate conviction and not two. While the Defendant may no longer be considered an armed career criminal pursuant to Title 18, 924(e)(1) and subject to a statutory minimum 15 year sentence, there are still significant reasons to maintain the terms of the Defendant's release. The Defendant's adult convictions include two separate drug felonies and an armed robbery. He was sentenced to state prison for both offenses. As a juvenile he was found delinquent of distributing drugs (two separate offenses), receiving stolen property, and assault and battery.

---

[1] Hampden Superior court Dkt. #96-111-114.

The present indictment alleges he unlawfully possessed a firearm and ammunition, clearly illustrating the Defendant's present danger to the community. In addition, the Defendant was under indictment in the Hampden Superior Court during the time he possessed the firearm and ammunition that support the present federal indictment. This shows his inability to abide by a court ordered condition.

The Defendant would have a more compelling argument if this Court had ordered him detained prior to trial based on his potential minimum mandatory sentence. The Defendant still faces a USSG guideline range of at least 77 to 96 months before acceptance of responsibility, and 57 to 71 months after acceptance of responsibility.

The conditions of his release appear to be working as the Defendant has not been arrested since his release in April 2005. A review of the Defendant's record reveals that this is a significant time period for the Defendant to be out of custody without being arrested. The present conditions are effective, not overly burdensome.

Respectfully submitted,

MICHAEL J. SULLIVAN
United States Attorney

By: /s/ Paul Hart Smyth
Paul Hart Smyth
Assistant U.S. Attorney

Dated: December 13, 2005

CERTIFICATE OF SERVICE

Hampden,   ss.                                Springfield, Massachusetts
                                              December 13, 2005

    I, Paul Hart Smyth, Assistant U.S. Attorney, do hereby certify that I have served a copy of the foregoing to Attorney Mark Mastroianni, 95 State Street, Springfield, MA.

                                              Paul Hart Smyth
                                              Assistant U.S. Attorney